## ARNELL *v.* GORDON.

1. APPEAL AND ERROR — IN CONSIDERING MOTION FOR DIRECTED VERDICT EVIDENCE VIEWED MOST FAVORABLY TO OTHER PARTY.

In an action for personal injuries caused by the alleged negligence of defendant, on reviewing the denial of defendant's motion for a directed verdict because of plaintiff's contributory negligence, the evidence must be considered in the light most favorable to plaintiff's right of recovery.[1]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FAILURE TO SEE WHAT SHOULD HAVE BEEN SEEN.

Where one says he looked and did not see an object, which, if he had looked, he in the nature of things must have seen, he cannot be credited if he says he did not see the object.[2]

3. SAME—DUTY OF PEDESTRIAN TO LOOK BEFORE CROSSING STREET —MOTOR VEHICLES.

It is the duty of a pedestrian before starting to cross a city street to look for approaching vehicles.[3]

4. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Evidence *held*, insufficient to establish, as a matter of law, that an approaching automobile which struck and injured plaintiff, was within her vision at the time she started to cross the street.[4]

5. SAME—STRICT RULE AS TO CARE REQUIRED IN CROSSING RAILROAD TRACK NOT APPLICABLE IN CROSSING STREET.

The strict rule as to the care required of a person about to cross a railroad track to look for approaching trains is not applicable to a person about to cross a street to look for approaching automobiles, since trains and electric cars must necessarily have the right of way over highways occupied by their tracks, while rights of motor vehicles and pedestrians in the use of the public streets are reciprocal.[5]

[1]Appeal and Error, 4 C. J. § 2709; [2]Evidence, 22 C. J. § 46; 23 C. J. § 1791; [3]Municipal Corporations, 28 Cyc. p. 914; [4]Motor Vehicles, 28 Cyc. p. 49; [5]Id., 28 Cyc. pp. 28, 29; Municipal Corporations, 28 Cyc. pp. 913, 914.

Duty of pedestrians to look out for automobiles, see notes in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

6. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The question of the contributory negligence of a pedestrian struck by an automobile as she was crossing the street, *held*, under the evidence, for the jury.[6]

Error to Genesee; Black (Edward D.), J. Submitted January 6, 1926. (Docket No. 33.) Decided March 20, 1926.

Case by Margaret Arnell, an infant, by her next friend, against George H. Gordon for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. A. Withey,* for appellant.

*Neithercut & Neithercut,* for appellee.

SHARPE, J. The defendant reviews by writ of error a judgment for plaintiff in an action to recover damages for injuries sustained by her when struck by a motor truck driven by one of defendant's employees. The only assignment of error discussed by defendant's counsel is the denial of his motion for a directed verdict because of the contributory negligence of plaintiff. On such a motion, the evidence must be considered in the light most favorable to the plaintiff's right of recovery.

The plaintiff testified that on the afternoon of May 16, 1923, she alighted from the rear end of a street car at the intersection of Detroit street and Eleventh avenue in the city of Flint; that as the car passed on she "looked up the street approximately to about Twelfth avenue," and, seeing no vehicle approaching, she "started across the street" to the west, and, when she "got within two or three feet of the curb," she "saw a car coming;" that she "decided" she could get to the curb, thinking the car would pass her on the

---

[6] Motor Vehicles, 28 Cyc. p. 49.

east side; that the car turned towards the curb, and, when she was near the curb, the car struck her and knocked her down.   On cross-examination, she stated that, had she looked again as she walked towards the curb, she could have seen the approaching car.   The distance from the west side of the track to the curb was 14 feet and 1 inch.   She was the only person who alighted from the car, and there were no other cars or vehicles or persons near her on the street.

Counsel invokes the rule:

"Where one says he looked and did not see an object, which, if he had looked, he in the nature of things must have seen, he cannot be credited if he says he did not see the object."   10 R. C. L. p. 1009.

This rule has been followed in many Michigan cases. It was the duty of the plaintiff to look for approaching vehicles before she started to cross the street.   She testified that she did so.   Do the undisputed physical facts justify a rejection of her testimony in this respect?

There were two young men in the defendant's car at the time it struck the plaintiff.   The driver was not sworn.   The other occupant, Theodore Hull, testified that the car was "going about 12 or 14 miles an hour" at the time of the collision.   There was no other witnesses to the accident.   He also testified that—

"The automobile did not go over two feet after it hit her; it went up onto the curb, it did not climb the stairs, it did not go up over one step.   There is a tree down near the curb in the narrow parkway between the sidewalk and the curb.   The automobile went up one step and hit the tree."

If the car was not moving faster than 12 or 14 miles per hour at the time it approached the plaintiff, it is apparent that, had plaintiff looked in its direction, she must have seen it, and the rule relied

on .by defendant's counsel would apply. There is testimony, however, which strongly indicates that it was traveling much faster. The plaintiff was crossing to enter the house which stood on the northwest corner of the block. Mrs. Catherine Canada, who lives in the house on the southwest corner, testified that she was in her home and heard the automobile strike the tree. The sidewalk was about three feet above the curb of the street, and the tree stood beside the sidewalk. That the car struck the curb with considerable force is apparent. Hull also testified that plaintiff was—

"about two feet from the street car track when she was hit, to the right between her and the curb was twelve feet for us people to have driven that car through,"

and that the driver "swung his car off to the right when he was just a few feet from the girl, when he saw he was going to hit her." Mrs. Canada testified that the body of the plaintiff "laid on the outside of the curb" and not very far from it.

The plaintiff testified that she looked to the north and did not see the car. If so, the car must have traveled very fast to have struck her before she reached the sidewalk. In view of the nature of Hull's testimony, as above outlined, we are impressed that it cannot be said, as a matter of law, that the car was within plaintiff's vision at the time she started to cross the street. If not, she had a right to assume that she could reach the west curb "before a vehicle traveling the ordinary and legal rate of speed" could reach her. *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich. 445. The strict rule as to the care required of a person about to cross a railroad track (*Pamburn* v. *Railroad Co.,* 228 Mich. 472) is not here applicable. Trains and electric cars must necessarily have the right of way over the highways occupied by their

tracks, while the rights of motor vehicles and pedestrians in the use of the public streets are reciprocal. In our opinion, the question of plaintiff's contributory negligence was for the jury.

The judgment is affirmed, with costs to appellee.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.