KRAFT v. PERE MARQUETTE RAILWAY CO.

1. RAILROADS—NEGLIGENCE—PRESUMPTIONS.

Where train crew had plain view of track for nearly half mile, and failed to stop train in time to avoid striking automobile stalled on track, court may assume negligence on part of railroad company.

2. SAME—STALLED AUTOMOBILE—DUE CARE—ORDINARY PRUDENCE—CONTRIBUTORY NEGLIGENCE.

Where automobile stalled on railroad tracks, due care required vigilance on part of driver while trying to start motor; ordinary prudence requiring her to maintain such watch as would enable her to escape before being struck by approaching train.

3. TRIAL—INSTRUCTION—CONTRIBUTORY NEGLIGENCE—RAILROADS.

Instruction that it was duty of driver of automobile stalled on railroad track to look and see what was coming, if she could; that it was her duty to get automobile off track; and that if she did not continue to look up and down track, in her effort to get automobile off track, that would not be contributory negligence, in itself, *held*, erroneous.

4. RAILROADS—NEGLIGENCE—CONTRIBUTORY  NEGLIGENCE—DIRECTED
  VERDICT.

    Driver of automobile, with clear view of railroad track for nearly
      half mile, who looked and saw no approaching train when her
      automobile first stalled on track, but who did not look again
      until train was so close that she was unable to escape, was
      guilty of contributory negligence as matter of law, precluding
      recovery for injuries so received.

5. NEGLIGENCE—CONTRIBUTORY  NEGLIGENCE—SUBSEQUENT  NEGLI-
  GENCE—PLEADING—ISSUES.

    Where automobile driver, in action against railroad company
      for personal injuries received when her stalled automobile was
      struck by train, planted her case on negligence of defendant
      without any negligence on her part, subsequent negligence
      of defendant was not an issue.

Appeal from Bay; Houghton (Samuel G.), J. Submitted January 17, 1933. (Docket No. 18, Calendar No. 36,642.) Decided April 4, 1933. Rehearing denied May 16, 1933.

Case by Theressa Kraft against Pere Marquette Railway Company for personal injuries received at a street crossing. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Collins & Thompson,* for plaintiff.

*Clark & Henry (W. K. Williams* and *John C. Shields,* of counsel), for defendant.

WIEST, J. May 7, 1929, about one o'clock in the afternoon, plaintiff's automobile stalled upon defendant's railroad track, at a street crossing in the city of Bay City, and, while she was trying to start the motor, a train came along, struck the automobile, and she received injuries. Defendant prosecutes an appeal from a judgment in favor of plaintiff, urging contributory negligence on the part of plaintiff as a matter of law. This opinion is based on the case presented by plaintiff.

At the point where the automobile stalled, there was a clear view of the railroad track for about a half mile. Plaintiff claims that she looked when her automobile stalled and there was no train in sight; that she then tried to start the motor, and when she looked again the train was so close that she had no time to get out of the automobile. The train must have traveled nearly a half mile between her first look and the second. The trainmen had an equal view, and, for the purposes of this decision, we may assume negligence on the part of defendant. This presents the question of plaintiff's contributory negligence.

The declaration averred due care on plaintiff's part and the duty of employees of defendant to have noticed her peril and have stopped the train. Due care required vigilance on the part of plaintiff while trying to start the motor. She knew she was in a place of danger if a train came along; she had time and opportunity to get to a place of safety, and, as long as she remained in the automobile, ordinary prudence required her to maintain such a watch as would enable her to escape. If the trainmen should have seen her peril she also should have sensed her peril, and availed herself of opportunity to avoid injury.

The court instructed the jury:

"I say to you it was her duty to look and see what was coming, if she could, and she claims she was there about a minute, and it was her duty to get that automobile off the railroad crossing, that was one of her paramount duties, to get it off the track, and it was her duty to do the things that were necessary, if possible, to get it off before the train came, and under her claim she endeavored to start the motor, but something happened, and she could not start it until the train was almost on her, and

then she claims she tried to get out, and she was injured, so I say, if she did that in that manner, stalled her motor there, it was her duty to do what she could reasonably to get it off, and if she did not continue to look up and down the track in her efforts to get the automobile off the track, that would not be contributory negligence, in itself, and she was doing what she was required to do to get it off the track. She was there just a short time."

This instruction was error.

Defendant's motion for a directed verdict on the ground "That plaintiff herself, as a matter of law, under the undisputed testimony, is guilty of contributory negligence," should have been granted.

Plaintiff planted her case on the negligence of defendant without any negligence on her part, and the doctrine of subsequent negligence was not an issue. See *Kerns* v. *Lewis,* 246 Mich. 423.

The judgment is reversed, with costs, and without a new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.