GOLDMAN *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. AUTOMOBILES—RAILROADS—STALLED CARS—CROSSINGS—DUE CARE —HEADLIGHTS.

Motorist whose car stalled on second track of five-track railroad crossing at 5 p. m. late in November had duty to maintain a vigilant watch for approaching engines as she knew she was in a place of danger and must be held to have seen the headlight of an approaching engine.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—OPPORTUNITY TO ESCAPE FROM DANGER.

Motorist whose car became stalled on railroad track failed, as a matter of law, to sustain her burden of proving freedom from contributory negligence where uncontradicted testimony showed that headlight of locomotive was burning before she observed train at all and that she had time to remove her person from an obvious place of peril but failed to do so.

3. SAME—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Motorist whose car stalled on railroad tracks at 5 p. m. late in November and who, had she looked, could have seen headlight of approaching locomotive in sufficient time to remove herself from place of danger *held*, guilty of contributory negligence as a matter of law barring recovery from railroad company for personal injuries.

4. RAILROADS—LOCOMOTIVE HEADLIGHTS—WARNING OF APPROACHING TRAIN.

Fact that motorist's car stalled on track at 5 p. m. on a day late in November at a time when the whole train would not be visible, did not relieve her of making observation to determine whether or not train was approaching and discovering that it was, where locomotive's headlight was burning, as it was a sufficient warning of the train's approach.

5. APPEAL AND ERROR—WRONG REASON FOR CORRECT RESULT.

Fact that in ordering entry of judgment *non obstante veredicto* trial court assigned wrong reason for a correct result does not affect the disposition of the case in Supreme Court.

6. RAILROADS—EXCESSIVE SPEED—FAILURE OF WARNING SIGNALS— NEGLIGENCE.

Recovery for personal injuries by motorist whose car was stalled on defendant railroad company's track on theory that defendant was guilty of gross negligence because train was operated at an excessive rate of speed and in neglecting to give proper crossing signals *held*, not tenable as such negligence on part of defendant was, at most, only ordinary negligence so far as disclosed by record.

7. SAME—AUTOMOBILES—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

In so far as husband's damages are incident to personal injuries of wife who was guilty of contributory negligence in failing

to remove herself from place of danger after their car stalled on railroad track, such negligence is imputable to him and bars his recovery for such damages.

8. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PERSONAL IN-JURIES—PROPERTY DAMAGE—AUTOMOBILES.

In husband's action for damages against defendant railroad company, where there is evidence that defendant was negligent in operating its train at an excessive rate of speed and without giving proper crossing warning signals, a question of fact as to defendant's negligence was presented notwithstanding no violation appears of a specific statute or ordinance and where there is no evidence of negligence in manner or circumstances in which plaintiff's automobile was driven on the tracks and there stalled, although husband could not recover for damages incident to wife's personal injuries because of her contributory negligence, damages for loss of car which could not be moved off track before being struck could be recovered.

9. COSTS—APPEAL BY BOTH PARTIES.

No costs are allowed upon affirmance of judgment in action in which both parties appealed from judgment for plaintiff in an amount less than that awarded by jury's verdict.

Appeal from Wayne; Miller (Guy A.), J.   Submitted October 12, 1938.   (Docket Nos. 20, 21, Calendar Nos. 40,178, 40,179.)   Decided February 2, 1939. Rehearing denied April 25, 1939.

Separate actions of case by Belle Goldman and Irving Goldman against Grand Trunk Western Railway Company for damages for personal and property injuries.   Cases consolidated for trial and appeal.   Verdicts for plaintiffs.   Judgment for defendant *non obstante veredicto* for plaintiff Belle Goldman.   Judgment for plaintiff Irving Goldman for property damages only.   Plaintiffs appeal and defendant cross-appeals against defendant Irving Goldman.   Affirmed.

*William Weiss* and *Walter M. Nelson,* for plaintiffs.

*H. V. Spike* and *William Macpherson*, for defendant.

North, J.   These two suits are simultaneously submitted.   Plaintiff, Belle Goldman, by her suit seeks recovery for personal injuries suffered when she was struck by one of defendant's locomotives. Her husband, Irving Goldman, prosecutes his action to recover for his losses, including medical and hospital expenses, loss of wife's services, and damage to his automobile.

About 5 o'clock in the afternoon of November 29, 1935, Mrs. Goldman was driving east on Caniff street at the boundary line between the city of Detroit and the city of Hamtramck.   It was misty and just getting dark, and although the street lights had not yet been lighted, plaintiff, along with some other drivers, had turned on her auto lights.   As she approached defendant's 5-track grade crossing she slackened her speed, and when she reached the second track her car stalled.   Mrs. Goldman testified that while in this position, with her car window open, she attempted to start her car, that she was looking and listening and when she saw a glaring headlight coming toward her she slid over to her right, opened the door, got one foot out and her auto was then struck by the locomotive which was traveling 40 to 50 miles an hour.   Her injuries were severe.

Although the testimony shows that the flasher signals located in the street at either side of the crossing were not operating, under the facts in this case, such failure of operation of the signals was not a proximate cause of the accident.   John Czuczko, plaintiffs' eyewitness, stated that the car stood on the tracks from 5 to 7 minutes.   Further, it was pointed

out that one situated between the flashers, as Mrs. Goldman was, would not be able to observe the signals even if they were operating properly. While appellants' brief states there were installed at this crossing "light and *bell* signals of modern construction," the uncontradicted testimony of Czuczko on this phase of the case is:

"At the time of this accident there was no electric or other gong in connection with those lights."

From the point of the accident, the track is straight and approximately level for a long distance either way, at least for a quarter of a mile, and from the record it is to be inferred that the distance is considerably greater than that. As the train approached the crossing, the whistle was not blowing nor was the locomotive bell sounding; however, the headlight on the engine was burning. On direct examination, plaintiffs' eyewitness testified:

"For several minutes I watched it (the automobile). I was watching to see if a train was going to come and I was looking at the lights and I noticed from the north a headlight coming, a light reflecting from the north. At the time I noticed that the automobile had already stalled on the track and stood there for some time. I watched this light, then about a minute or two I seen the front end of this engine from where I was standing.

"Q. You say that this automobile stood there then for several minutes?

"A. Yes, it did.

"Q. When you say 'several minutes' what do you mean?

"A. About 5 to 7 minutes. * * *

"Q. When you say minutes, you mean 60 seconds to the minute, don't you?

"A. Yes.

"*Q.* Do you understand what one minute is, and what five minutes means?

"*A.* I do.

"*Q.* And the best of your recollection is now that this automobile stood on the track about 5 to 7 minutes?

"*A.* It did.

"*Q.* There is no question about that, is there?

"*A.* No question.  *  *  *

"*Q.* Again, I am going to ask you, John, when you say two or three minutes, you mean two or three minutes by the clock, that is, 60 seconds in a minute, don't you?

"*A.* No, I could not say that, because I did not look at the clock to make sure of that."

When cross-examined, this witness stated that from his position he could see only 100 feet along the tracks north.

Defendant offered no proof. The jury returned a verdict for the plaintiff in each of these cases; but on motion for judgments *non obstante veredicto,* the circuit judge in Mrs. Goldman's case entered a judgment for the defendant, and in Irving Goldman's case reduced the jury's verdict from $1,500 to $400, and entered judgment thereon for plaintiff. The conclusion is unescapable that Mrs. Goldman would also have seen the light of the approaching engine had she been reasonably diligent in observing. It was her duty to maintain a vigilant watch under the circumstances, for she knew that she was in a place of danger. *Kraft* v. *Railway Co.,* 262 Mich. 494. Notwithstanding she testified that she kept looking and listening, her testimony cannot be given credence when under the circumstances she must have seen the headlight of the approaching locomotive if she had looked. *Arnell* v. *Gordon,* 234 Mich. 140.

In this connection it must be borne in mind, as just above stated, that the burden of proving her freedom from contributory negligence was on Mrs. Goldman. She not only failed to prove that the headlight was not burning as defendant's locomotive approached this crossing, but the only fair inference to be drawn from the uncontradicted testimony of her eyewitness is that the headlight was burning for a minute or two before Mrs. Goldman observed the approaching train at all. She could have got out of the automobile in the short space of 4 or 5 seconds. She was guilty of contributory negligence because she failed to remove her person from an obvious place of peril notwithstanding she had an opportunity in the exercise of reasonable care to do so.

Although she seeks to distinguish, on its facts, the case of *Kraft* v. *Railway Co., supra,* decision therein controls Mrs. Goldman's case. The accident in the *Kraft Case* happened at 1 o'clock in the afternoon at which time the plaintiff had a clear vision down the railroad track; while Mrs. Goldman did not have the benefit of daylight, yet, if she had looked, she would have seen the headlight of defendant's approaching locomotive in ample time to have escaped injury. It is of no consequence that in the *Kraft Case* the train itself was visible, because in the instant case the headlight was a sufficient warning of the train's approach. The fact remains that had Mrs. Goldman looked she would have observed the approaching train in ample time to have saved herself from harm.

Although the trial court was in error in presuming compliance with a nonexisting statute, *i. e.,* a statute requiring defendant to have the headlight lighted, he was correct in entering judgment for defendant

as against Mrs. Goldman because, as a matter of law, she was guilty of contributory negligence. The fact that the trial court assigned a wrong reason for a correct result does not affect the disposition of the case in this court. *H. H. King Flour Mills Co.* v. *Bay City Baking Co.*, 240 Mich. 79.

In reaching the above conclusion in Mrs. Goldman's case, we are mindful she charges that defendant was not only negligent in operating its train at an excessive rate of speed and in neglecting to give proper crossing signals, but that this is also alleged to have constituted gross negligence. Recovery on the theory of gross negligence is not urged in plaintiff's brief, and such theory may be disposed of by simply noting that it is not tenable under the circumstances of this case. The rate at which defendant's train approached this crossing, even in conjunction with its failure to give proper crossing signals, was at most only ordinary negligence, so far as disclosed by this record. *Morgan* v. *Railway*, 234 Mich. 497; *Thompson* v. *Railway*, 110 N. Y. 636 (17 N. E. 690).

As hereinbefore stated, the circuit judge entered judgment in Mr. Goldman's case for $400, this seeming to be the agreed amount of damage to his automobile; but in so far as the jury's verdict included expenses of caring for Mrs. Goldman, loss of services, et cetera, these items were disallowed on defendant's motion *non obstante veredicto*. Both Mr. Goldman and defendant have appealed from the judgment so entered.

First we are concerned with Mr. Goldman's right to recover at all. There is evidence of defendant's negligence. The only question is this: Does the contributory negligence of Mrs. Goldman wholly or only partially bar Mr. Goldman's right to recover? In so

far as his damages are incident to Mrs. Goldman's personal injuries, her contributory negligence is imputable to him, and bars his right of recovery for these items of damage the same as it bars recovery by her for injuries to her person. But for the reasons hereinafter noted, we think the circuit judge was right in holding that Mr. Goldman could recover for the damage to his automobile.

As noted, there is evidence of defendant's negligence, particularly in the alleged excessive rate of speed at which this train was passing this crossing, and without giving proper crossing signals. A question of fact was presented as to defendant's negligence notwithstanding no violation appears of a specific statutory or ordinance regulation. *Chicago, St. L. & P. R. Co.* v. *Spilker,* 134 Ind. 380 (33 N. E. 280, 34 N. E. 218). There is no testimony of negligence in the manner in which or the circumstances under which this automobile was driven upon defendant's tracks and there stalled. Nor is there any testimony of lack of effort to remove the automobile from its place of danger. In this particular Mrs. Goldman did all she possibly could. While it was within her power to have removed her person to a place of safety, she was wholly powerless to remove the automobile. If by the exercise of care she had saved herself from injury, nonetheless under the circumstances of this case it is evident that the automobile would have been damaged. It follows that Mrs. Goldman was not guilty of any contributory negligence in not getting the automobile off defendant's track before it was struck.

The minimization of Mr. Goldman's damage to $400 was correct, and his damage to this amount was properly allowed notwithstanding defendant's contention that Mrs. Goldman's contributory negligence

should be held totally to bar recovery by Mr. Goldman. The judgments entered in the circuit court are affirmed. The defendant will have costs in Mrs. Goldman's case; but in Mr. Goldman's case neither party will have costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.