SCOTT *v.* SAUPE

1. APPEAL AND ERROR—CORRECT RESULT—STANDARD OF REVIEW—ERRONEOUS REASONING.

An appellate court will not change the disposition of a case where the correct result was achieved even though the trial court assigned the wrong reason for its result.

2. QUIETING TITLE—PROPERTY—KNOWN CLAIMANTS—PERSONAL SERVICE—JUDGMENT'S EFFECT.

A party desiring to quiet title to real estate must use due diligence and make a reasonable effort to discover all persons who claim an interest in the property; a claimant to the land who is in possession of the land and not personally served is not bound by judgment quieting title.

3. JUDGMENT—RES JUDICATA—CHANGE OF POSITION—EJECTMENT.

Former judgment in an ejectment case against the plaintiff was *res judicata* in the plaintiff's ejectment action against the same defendants and concerning the same land as in the first

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur 2d, Appeal and Error §§ 727, 785.
[2, 3] 25 Am Jur 2d, Ejectment §§ 125–131.

case even though the plaintiff had, between the two ejectment actions, quieted title to the land where in the quiet title action the plaintiff did not personally serve the defendants and the defendants were in possession of the disputed land, because the defendants, being known to the plaintiff as claimants to the land, were not bound by the quiet title action and, thus, the parties' position had not changed from the first ejectment judgment.

4. APPEAL AND ERROR—CORRECT RESULT—STANDARD OF REVIEW—ERRONEOUS REASONING.

Trial court's judgment against the plaintiff in an ejectment action was affirmed even though the trial court granted defendants a judgment notwithstanding the verdict, the defendants had not, as then required, moved for a directed verdict, the judgment notwithstanding the verdict was based on the verdict being against the great weight of the evidence, not a proper ground for a judgment notwithstanding the verdict where the defendants were entitled to a judgment on *res judicata.*

Appeal from Clare, Daniel J. O'Keefe, J. Submitted Division 3 March 5, 1971, at Lansing. (Docket No. 8580.) Decided April 21, 1971.

Complaint by Manuel Scott against Louis J. Saupe and Veda R. Saupe for ejectment. Verdict for plaintiff. Defendants' motion for judgment notwithstanding the verdict granted. Plaintiff appeals. Affirmed.

*Gray, Thompson & Rush* and *Bicknell & Winter,* for plaintiff.

*Cotter, Janes & O'Connell,* for defendants.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

R. B. BURNS, P. J. Plaintiff appeals a judgment notwithstanding the verdict entered by the trial

court in November of 1969. This action involves a boundary dispute and title to 7.32 acres of land in Clare County. Plaintiff and defendants are adjoining landowners. Plaintiff received his interest in the land through his father's estate. His father purchased the land in 1926 at a tax sale. Due to the failure to comply with the statutory notice requirements the interest under the tax deed was never perfected. Defendants received their interest from Veda Saupe's father who purchased the land in 1908.

A fence was constructed around 1900 and maintained for many years by both plaintiff and defendants. In 1949 plaintiff had the land surveyed and it was discovered the true boundary line was some distance south of the fence. The plaintiff erected a new fence on the true boundary line which was torn down by the defendants.

In 1953 plaintiff instituted a suit in ejectment claiming he was the owner of the land and that the defendants had ousted him from possession. Defendants' answer denied the allegations and raised affirmative defenses: imperfect title in the plaintiff for failure to comply with the statutory notice to perfect his tax deed and a claim of adverse possession from 1908 until 1953.

The trial court dismissed the case on the grounds that neither the plaintiff nor his father had complied with the statutory requirements of notice to perfect title. MCLA § 211.140 (Stat Ann 1960 Rev § 7.198). Judgment was entered March 25, 1960.

Next plaintiff filed a bill in chancery to quiet title to the property. He named Elizabeth Rosenthal and all those who might claim under her as defendants. Elizabeth Rosenthal was the last named grantee in the chain of title prior to plaintiff's father. The Saupe's, defendants in the first action,

were not named in the bill or served with process. A decree quieting title was entered May 5, 1960.

December 1961, plaintiff filed this action in ejectment against the defendants. Plaintiff alleged that he was in possession of the property May 5, 1960, and that defendants entered onto the premises on or about September 20, 1960, and continued to withhold possession from the plaintiff.

Defendants moved to dismiss this action on the grounds of *res judicata,* claiming the issue in this case was decided in the 1953 action. The motion was denied. Defendants renewed the motion to dismiss at the opening of trial, at the close of plaintiff's proofs and again after the jury had returned its verdict. The trial judge took all motions under advisement and reserved ruling under the Empson Act. CL 1948, § 691.691 (Stat Ann § 27.1461).[1]

The jury returned a verdict for the plaintiff and defendants filed a motion for judgment notwithstanding the verdict, which was granted.

Plaintiff claims the trial court erred by granting the judgment notwithstanding the verdict as the defendants had not moved for a directed verdict during the trial.

At the time the trial took place, a motion for a directed verdict at the close of plaintiff's proofs or at the close of all proofs was a condition precedent for making a motion for a judgment notwithstanding the verdict, and the grounds for the judgment notwithstanding the verdict had to be the same grounds as urged for the directed verdict. *Fitzgerald* v. *Bixler* (1962), 368 Mich 160.

In addition, the trial judge stated as his reason for granting a judgment notwithstanding the verdict that the verdict was contrary to the great weight of the evidence. Such a consideration was grounds for

---

[1] Repealed by RJA 1961. For current provision see GCR 1963, 515.

a new trial but not a proper consideration for a judgment notwithstanding the verdict. *Davis* v. *Belmont Creamery Co.* (1937), 281 Mich 165.

In the case of *Draws* v. *Levin* (1952), 332 Mich 447, the plaintiff sued the defendant for malpractice. The operation took place in 1939 and plaintiff instituted suit in 1945. The trial judge directed a verdict against the plaintiff on the grounds that the plaintiff had failed to establish any fraudulent concealment on the part of the defendant and plaintiff had failed to show any actionable negligence. The Court stated (pp 453, 454):

"The trial judge, in the absence of any proof of fraudulent concealment, might have properly directed a verdict for the defendant on the sole ground that the action was not begun within the statutory period of 2 years from December 5, 1941.

" 'The fact that the trial court assigned a wrong reason for a correct result does not affect the disposition of the case in this Court. *H. H. King Flour Mills Co.* v. *Bay City Baking Co.,* 240 Mich 79.' *Goldman* v. *Grand T.W. R. Co.,* 287 Mich 289, 296."

In the present case, prior to filing the answer, defendants moved to dismiss the case on the grounds of *res judicata,* claiming the 1953 action decided the issue raised in this case. The trial judge denied the motion on the grounds that the legal status of the parties had changed since the first action because of the decree quieting title in the plaintiff.

In the case of *Kirby* v. *Michigan C. R. Co.* (1926), 236 Mich 286, the Court held that a person desiring to quiet title to real estate must use due diligence and make a reasonable effort to discover all persons who claim an interest in the property; that the defendant, being in possession of the land and not being personally served, was not bound by the decree quieting title.

The Saupes were persons known to the plaintiff who claimed an interest in the land and, not being personally served, they were not bound by the decree quieting title. The legal status of the parties was not changed between the first and second ejectment suits. The trial judge should have granted defendants' motion to dismiss on the grounds of *res judicata*.

As stated in *Draws* v. *Levin,* supra:

" 'The fact that the trial court assigned a wrong reason for a correct result does not affect the disposition of the case in this Court.' "

Affirmed. Costs to defendants.
All concurred.