# STATE OF MICHIGAN

# COURT OF APPEALS

FANNETTA WATSON,

       Plaintiff-Appellant,

v

COMERICA BANK,

       Defendant-Appellee.

UNPUBLISHED
March 16, 2017

No. 330746
Oakland Circuit Court
LC No. 2015-145058-CH

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Fanetta Watson, appeals as of right from the trial court's orders setting aside the default against defendant, Comerica Bank, denying plaintiff's motion for default judgment, and granting summary disposition to defendant pursuant to MCR 2.116(C)(8). We affirm.

On July 10, 2003, Jack Simmons signed a note for a $45,000 home equity line of credit from defendant, secured by a mortgage on a residential property located in Southfield. This mortgage, duly recorded by defendant, contained a power of sale provision allowing defendant to foreclose without judicial proceedings. Simmons died in 2009 and plaintiff appears to have become the personal representative of his estate. Plaintiff subsequently conveyed the property to herself by quit claim deed as personal representative of Simmons's estate and properly recorded that deed on October 17, 2013. Although the mortgage survived this transfer, there is no evidence in the record that plaintiff assumed the note secured by this mortgage.

Simmons's estate eventually defaulted on the note. Defendant, through its collections agent, notified plaintiff, as the representative of Simmons's estate, of the default, defendant's acceleration of the note, and its intent to foreclose if payment was not made. Simmons's estate never paid this debt and defendant foreclosed on the property by sheriff's sale.

On December 30, 2014, Deputy Sheriff John Roehrig sold the property to defendant at public auction and provided defendant with a sheriff's deed acknowledging defendant's equitable interest in the property. On January 6, 2015, defendant recorded the sheriff's deed. Defendant attached to this recording a December 22, 2014, "non-military affidavit" of "Tracy Simpson," an employee of the firm representing defendant in these proceedings. Simpson attested that she "conducted a search of the Department of Defense Manpower Data Center" for Simmons and that this search indicated that Simmons was not an active military service member. Plaintiff also attached to the sheriff's deed a December 30, 2014, "affidavit of auctioneer" signed

-1-

by Deputy Sheriff Roehrig. Through his signature on this affidavit and the sheriff's deed, Roehrig attested that

> by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provide, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 30th Day of December 2014, at the place of holding the trial court within Oakland County, wherein, the premises are located.

Roehrig also certified that the redemption period would expire, and that the sheriff's deed would become operative, on June 30, 2015. It is undisputed that neither plaintiff, nor anyone else, ever redeemed the property.

On January 20, 2015, plaintiff filed a complaint with the Oakland County Circuit Court against defendant seeking to set aside the sheriff's sale. Plaintiff claimed that defendant failed to post a copy of the notice of foreclosure and sale in a conspicuous place upon the subject property within the 15-day timeframe provided by MCL 600.3208, and that defendant's actions were "intentionally designed to preclude the Plaintiff from entering into a Loan Modification and keep possession of her home." Plaintiff additionally alleged that defendant committed fraud in the foreclosure proceeding because Simpson "clearly did not have personal knowledge of the facts asserted in the documents because if he did have personal knowledge he would have read and known that Defendant failed to comply with MCLA 600.3208."

On January 26, 2016, plaintiff attempted to serve defendant by sending a copy of the summons and complaint by certified mail, return receipt requested. Her attorney's affidavit of service, however, indicates that he actually sent a copy of the summons and complaint to an address registered with "Comerica, Inc." not Comerica Bank. Plaintiff did not attempt to serve personally an officer, resident agent, or other person in-charge of a Comerica Bank office or business establishment.

On February 26, 2015, the trial court clerk entered a default at plaintiff's request. Plaintiff then moved the trial court for a default judgment. The day before the hearing on that motion, someone at the trial court telephoned defendant as a courtesy to inform it of the action. That same day, defendant filed a response opposing plaintiff's motion for default judgment, averring that it never received notice of the suit because plaintiff instead sent the notice to Comerica, Inc. at the company's registered address.

At the hearing, the trial court denied plaintiff's motion for default judgment, stating that plaintiff did not properly serve defendant. Plaintiff requested reconsideration of this decision, arguing that she properly served defendant's business entity because Comerica, Inc. was a subsidiary of Comerica Bank. The trial court denied this motion, stating that plaintiff failed to demonstrate a palpable error requiring reconsideration.

Defendant then moved to set aside the default and for summary disposition under MCR 2.116(C)(8). Defendant reiterated its argument that default was improper because it was not properly served and argued that Deputy Roehrig's recorded affidavit served as presumptive

evidence that defendant complied with the notice requirements of MCL 600.3208. Defendant further argued that, because plaintiff could show no procedural irregularity or fraud in the foreclosure procedure, defendant was entitled to summary disposition because plaintiff lacked standing to challenge the foreclosure.

Plaintiff disagreed. She argued that defendant was estopped from enforcing the sheriff's sale because "Plaintiffs [sic] relied on Defendant's representation and MCLA 600.3205 which bars the Sheriff's Sale during the financial review process" and that defendant was unjustly enriched because defendant "received the proceeds of the Sheriff's Sale and can sue the Plaintiff for any deficiency." Plaintiff further argued that defendant did not post the notice required by MCL 600.3208, but failed to provide any affidavit or other documentary evidence to that effect.

On November 4, 2015, well after the expiration of the redemption period, the trial court heard defendant's motions to set aside the default and for summary disposition. The trial court first set aside the default stating that "I don't think it was properly served." The trial court then allowed the parties to address defendant's motion for summary disposition over plaintiff's objection that defendant was required to pay plaintiff her costs incurred in setting aside the default before defendant could make such a motion. In her argument, plaintiff stated that she filed an affidavit stating that she lived at the subject property and that no one posted the notice on the property. The trial court, however, could not locate this affidavit in the record.

The trial court granted summary disposition to defendant, dismissing plaintiff's complaint in its entirety. Regarding MCL 600.3208, the trial court concluded that Deputy Roehrig's affidavit served as presumptive evidence of notice and, because plaintiff provided the court with no evidence to counter that presumption, she could not allege a fraud or procedural irregularity sufficient to afford her standing to challenge the foreclosure or seek quiet title. The trial court then concluded that plaintiff's claim of promissory estoppel failed as a matter of law because she did not allege any specific promise that anyone made to her and that plaintiff's claim for unjust enrichment failed because the court could not imply a contract when the terms of the mortgage clearly covered the ramifications of Simmons's default. Plaintiff moved for reconsideration of this decision, raising the same arguments as she had previously. The trial court again denied reconsideration, stating that plaintiff failed to demonstrate a palpable error.

*Default Judgment Was Properly Set Aside.* On appeal, plaintiff first argues that the trial court erred by denying plaintiff's motion for a default judgment and by setting aside the default. We disagree.

"The ruling on a motion to set aside a default or a default judgment is entrusted to the discretion of the trial court." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). "Indeed, a trial court's decision in this regard should only be reversed on appeal when there is a *clear* abuse of that discretion." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). Accordingly, this court's review of that exercise of discretion "is sharply limited," *Aliken-Ziegler*, 461 Mich at 227, and the trial court's decision may not be overturned for a mere "difference in judicial opinion," *Shawl*, 280 Mich App at 220 (internal quotation marks and citation omitted). "Rather, an abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

MCR 2.603(D)(1) "governs motions to set aside a default," *Shawl*, 280 Mich App at 218, and provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

A defendant proves good cause to set aside a default by showing "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl*, 280 Mich App at 221 (internal quotation marks and citation omitted). In determining whether defendant has proved good cause to set aside a default, the trial court may consider, inter alia, "whether the party completely failed to respond or simply missed the deadline to file," "whether there was defective process or notice," "the circumstances behind the failure to file or file timely," and "whether the failure was knowing or intentional." *Id*. at 238. To determine whether a defendant's affidavit shows a meritorious defense, the trial court should consider whether the affidavit contains evidence showing that:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or
>
> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Id*.]

Still, MCR 2.603, MCR 2.625, and MCR 2.612 make plain that the first inquiry the trial court must undertake when determining whether to grant a defendant's motion to set aside a default is whether the defendant had properly come within that court's jurisdiction as of the time of the default. Regarding corporations, MCR 2.105(D) provides that:

> Service of process on a domestic or foreign corporation may be made by
>
> > (1) serving a summons and a copy of the complaint on an officer or the resident agent;
> >
> > (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
> >
> > (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

In this case, plaintiff attempted to serve process on defendant Comerica Bank by sending a copy of the summons and complaint by registered mail, return receipt requested, to what appears to be the processing agent for Comerica Inc. Plaintiff argues that this method of service was proper because the law firm representing Comerica Bank in the foreclosure and sheriff's sale had indicated to plaintiff that it represented Comerica Inc. and because Comerica Inc. is a business establishment of Comerica Bank. Even if plaintiff's contentions are true, however, plaintiff still did not properly serve defendant.

First, assuming arguendo that Comerica Bank and Comerica Inc. are related such that serving Comerica Inc. with process is akin to serving Comerica Bank with process, plaintiff would only be entitled to serve defendant by registered mail under MCR 2.105(4) if defendant failed to keep up its organization, see MCR 2.105(4)(b)-(c), or if defendant failed to maintain a resident agent, see MCR 2.105(4)(a). Plaintiff makes no claim that defendant meets either of these requirements. Further, even if defendant did meet the requirements under MCR 2.105(4)(a)-(c), to serve defendant properly by registered mail, plaintiff would also be required to send a copy of the summons and complaint by registered mail to the Michigan Bureau of Commercial Services. Plaintiff's failure to do so in this case further precludes her from accomplishing service of process under MCR 2.105(4).

Likewise, assuming arguendo that Comerica Inc.'s Michigan address is one of defendant's business establishments, plaintiff failed to meet the requirements provided by MCR 2.105(2) for serving a defendant through its business establishment. MCR 2.105(2) requires plaintiff to serve personally the summons and complaint on the person in charge of defendant's business establishment and send a copy of the summons and complaint by registered mail to the "principal office of the corporation." Plaintiff did neither. Rather, plaintiff sent a copy of the summons and complaint by registered mail to defendant's purported business establishment and had no contact with defendant's principal office.

Accordingly, plaintiff failed to serve defendant properly under any plausible scenario. Because defendant had not filed any response, nor entered an appearance, before the trial court clerk entered the default, defendant was not properly within the circuit court's jurisdiction at the time of default. Therefore, the trial court properly set aside the default and denied plaintiff's motion for a default judgment.

Because plaintiff's motion for reconsideration presented the circuit court with no legal or factual argument that would indicate that plaintiff properly served defendant, the circuit court

also properly denied plaintiff's motion for reconsideration of its order setting aside the default. See MCR 2.119(F)(3) ("The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.").

*Payment of Costs.* Plaintiff next argues that the trial court erred in considering defendant's motion for summary disposition. Plaintiff argues that she was entitled to the costs she incurred in the default proceedings and that defendant was required to pay these costs before the court could entertain defendant's motion for summary disposition. We disagree.

MCR 2.603(D)(4) conditions a defendant's relief from default upon the defendant's payment of costs, and provides that:

> An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default or default judgment, except as prescribed in MCR 2.625(D). The order may also impose other conditions the court deems proper, including a reasonable attorney fee.

MCR 2.625(D) governs orders to set aside a default, and provides that:

> (1) If personal jurisdiction was acquired over the defendant, the order must be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief the taxable costs incurred in procuring the default or the default judgment and acting in reliance on it;
>
> (2) If jurisdiction was acquired by publication, the order may be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief all or a part of the costs as the court may direct;
>
> (3) If jurisdiction was in fact not acquired, costs may not be imposed.

Contrary to plaintiff's assertions before the trial court and on appeal, plaintiff's failure to serve defendant properly meant that the trial court did not have jurisdiction over defendant at the time of default. This lack of jurisdiction precluded the trial court from awarding plaintiff costs associated with the default. MCR 2.625(D)(3). With no obligation to pay any costs to plaintiff, defendant was entitled to submit to the jurisdiction of the trial court and move for summary disposition and the court was required to rule on this motion.

*Summary Disposition Was Proper.* Finally, plaintiff argues that the trial court erred in granting summary disposition to defendant pursuant to MCR 2.116(C)(8). We disagree.

"A trial court's determination regarding a motion for summary disposition is reviewed de novo." *Sanders v Perfecting Church*, 303 Mich App 1, 3; 840 NW2d 401 (2013). This Court reviews "a trial court's decision regarding a motion for reconsideration for an abuse of discretion. *Id. at* 8. A trial court abuses its discretion when its decision falls outside of the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co.*, 476 Mich 372, 388; 719 NW2d 809 (2006).

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (internal quotation marks and citation omitted). "Under this subrule, all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Liggett Rest Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003) (internal quotation notations and citation omitted). "However, mere conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 263; 532 NW2d 882 (1995). Additionally, the trial court may consider an instrument that is a matter of public record when deciding a (C)(8) motion. See MCR 2.113(F)(1)(a); see also *Dalley v Dykema Gossett*, 287 Mich 296, 301 n 1, 788 NW2d 679 (2010).

"Foreclosure of a mortgage containing a power of sale is permissible by advertisement, provided the proceedings are instituted in accordance with the foreclosure statutes." *Trademark Properties of Michigan, LLC v Fed Nat Mortg Assn*, 308 Mich App 132, 138; 863 NW2d 344 (2014). MCL 600.3208 sets forth the requirements a mortgagee must meet to foreclose by sale of a mortgaged property:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

After the mortgagee has provided proper notice of the pending sale, the sheriff or deputy sheriff may sell the property at public auction to the highest bidder. MCL 600.3216. The mortgagee may, in good faith, purchase the property at this sale, MCL 600.3228, and, the sheriff or deputy sheriff will issue to it a sheriff's deed, MCL 600.3232, granting the mortgagee "an equitable interest in the mortgaged premises," *Trademark Properties*, 308 Mich App at 138-139. Those with an ownership interest in a foreclosed residential property may redeem the property by paying to the mortgagee the statutory percentage of indebtedness owed within six months of the sheriff's sale. MCL 600.3240(8). Redemption voids the sheriff's deed and any equitable interest it conferred. MCL 600.3240(1).

If an interested party "fails to avail him or herself of the right of redemption, all the mortgagor's rights [and any person claiming rights stemming from the mortgagor's rights] in and to the property are extinguished." *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Therefore, upon expiration of the redemption period, the sheriff's deed becomes operative and vests "in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter." MCL 600.3236.

The natural consequence of the expiration of the redemption period, and the expiration of the mortgagor's interest in that property, is that the mortgagor or any person claiming an interest under the mortgagor, lacks standing to bring a claim relative to that property. See *Bryan*, 304 Mich App at 713-714. Accordingly, the only part of the foreclosure sale that such a plaintiff may challenge is the procedure of that sale itself. *Freeman v Wozniak*, 241 Mich App 633, 637-638; 617 NW2d 46 (2000). Therefore, to survive a motion for summary disposition pursuant to MCR 2.116(C)(8), a plaintiff seeking to set aside a foreclosure sale must allege facts showing

> (1) fraud or irregularity in the foreclosure procedure, (2) prejudice . . . , and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the [plaintiff] would have been in a better position to preserve the property interest absent the fraud or irregularity. [*Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210–11; 859 NW2d 238 (2014).]

In this case, plaintiff did not sufficiently allege facts showing a fraud or procedural irregularity to overcome defendant's motion for summary disposition. In her complaint, plaintiff alleged that defendant committed fraud through Tracy Simpson's affidavit because Simpson had no personal knowledge of the foreclosure sale or notice thereof. Plaintiff further alleged a procedural irregularity in that no one affixed a copy of the notice of foreclosure and pending sale to the subject property as required by MCL 600.3208.

Regarding Simpson's affidavit, the attestations contained therein were strictly limited to whether Jack Simmons was an active military service member at the time of the foreclosure. No one disputes that Simmons died in 2009 and could not have been in active military service at the time of the 2014 foreclosure. Plaintiff has not explained, nor can this Court discern, how Simpson's affidavit perpetrated a fraud upon her or otherwise constituted a procedural irregularity under the foreclosure statutes. Accordingly, Simpson's affidavit is irrelevant to those questions.

Closer to the point, MCL 600.3256(C) allows "[a]ny party desiring to perpetuate the evidence of any [foreclosure] sale" to procure "an affidavit setting forth the time, manner and place of posting a copy of such notice of sale to be made by the person posting the same." Under MCL 600.3264, these affidavits may be recorded by the register of deeds and "shall be presumptive evidence of the facts therein contained."

Defendant attached to its motion for summary disposition a copy of the sheriff's deed which stated that a copy of the required notice was timely affixed to the subject property and an "Affidavit of Auctioneer" in which the deputy sheriff that conducted the sale attested that the sale was conducted as described in the sheriff's deed. Defendant properly recorded these documents with the register of deeds. Accordingly, the trial court did not err when it considered these documents as presumptive evidence that proper notice was affixed to the subject property under MCL 600.3208. Therefore, to survive defendant's motion under MCR 2.116(C)(8), plaintiff was required to bring forth some evidence rebutting this presumption of notice.

Plaintiff failed to do so. Although plaintiff's counsel asserted at the hearing below that plaintiff signed an affidavit stating that she lived at the subject property and no notice was ever affixed to the property, that affidavit does not appear anywhere in the record and plaintiff has not

provided it to this Court on appeal. The only evidence plaintiff presented to the trial court to rebut the presumption of notice was the conclusory statements contained in her complaint, which are inadequate to defeat defendant's motion for summary disposition. See *Eason,* 210 Mich App at 263. Therefore, the trial court properly concluded that plaintiff lacked standing to challenge the foreclosure or seek quiet title to the property.

Regarding plaintiff's claim for promissory estoppel, to plead a claim for promissory estoppel, plaintiff must allege:

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. [*Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 686–87; 599 NW2d 546 (1999).]

Because plaintiff has not shown any specific promise made to her, plaintiff's claim fails as a matter of law. Accordingly, the trial court properly granted summary disposition to defendant on that claim.

Concerning plaintiff's claim for equitable estoppel, in *Senters v Ottawa Savings Bank*, 443 Mich 45, 56; 503 NW2d 639 (1993), our Supreme Court held that "[w]here, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere." Plaintiff's sole potential relief is provided by MCL 600.3240(8), which granted her a right to redeem within six months of the sheriff's sale. "[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with" this strict statutory provision. *Freeman*, 241 Mich App at 637. Because plaintiff has not sufficiently pled fraud, accident or mistake, plaintiff's claim for equitable estoppel fails as a matter of law. Accordingly, the trial court properly granted summary disposition to defendant on that claim.

Because plaintiff provided the trial court with no legal or factual argument that would indicate that defendant was not entitled to judgment as a matter of law, the trial court also properly denied plaintiff's motion for reconsideration of its order granting summary disposition to defendant. See MCR 2.119(F)(3).

Affirmed.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle