EASON v COGGINS MEMORIAL CHRISTIAN METHODIST
EPISCOPAL CHURCH

Docket No. 166310. Submitted January 3, 1995, at Detroit. Decided
April 21, 1995, at 11:40 A.M.

Bertha W. Eason, as personal representative of the estate of
Frank C. Eason, deceased, brought a premises liability action in
the Wayne Circuit Court against Coggins Memorial Christian
Methodist Episcopal Church, seeking damages resulting from
the deceased's death as a result of a fall from a ladder and
scaffolding during the repair of the defendant's building. The
deceased was an invitee on the defendant's property and the
ladder and scaffolding had been set up by the defendant's
agents. The plaintiff alleged that the ladder and scaffolding
were structured inadequately and that the ladder's safety latch
was either missing or malfunctioning. The court, J. Phillip
Jourdan, J., granted summary disposition for the defendant,
finding the danger to be open and obvious and that the defen-
dant had no duty to warn the deceased of the danger. The
plaintiff appealed.

The Court of Appeals *held:*

1. Whether a danger is open and obvious to invitees depends
on whether it is reasonable to expert an average user with
ordinary intelligence to discover the danger upon casual inspec-
tion. The care required extends to instrumentalities on the
premises that the invitee uses at the invitation of the premises
owner.

2. The fact that a ladder's safety latch is missing or malfunc-
tioning creates a danger that is not obvious absent specific
knowledge of the defect. The trial court erred in granting the
defendant's motion for summary disposition under MCR
2.116(C)(8).

Reversed.

1. NEGLIGENCE — INVITEES — DUTY TO WARN — OPEN OR OBVIOUS
DANGERS.

An invitee is a person who enters the land of another on an

REFERENCES

Am Jur 2d, Premises Liability §§ 136-158.
See ALR Index under Guests, Invitees, or Licensees.

invitation that carries with it an implication that reasonable care has been used to prepare the premises and make them safe; the invitor must warn of hidden defects but has no duty to warn of open and obvious dangers unless the invitor anticipates harm to the invitee despite the invitee's knowledge of the defect; whether a danger is open and obvious depends upon whether it is reasonable to expect an average user with ordinary intelligence to discover the danger upon casual inspection.

2. NEGLIGENCE — INVITEES — OPEN OR OBVIOUS DANGERS — LADDERS.
The fact that the safety latch on a ladder used by an invitee and supplied by an invitor is missing or malfunctioning creates a danger that is not obvious to the invitee absent specific knowledge of the defect by the invitee.

*Mancini, Schreuder, Kline & Conrad, P.C.* (by *Ellen G. Schreuder*), for the plaintiff.

*Ecclestone, Moffett & Humphrey, P.C.* (by *Stephen T. Moffett* and *John M. McManus*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

MICHAEL J. KELLY, J. This is a premises liability case. Plaintiff appeals as of right an order of the circuit court granting defendant's motion for summary disposition under MCR 2.116(C)(8). We reverse.

Plaintiff's decedent, Frank Eason, agreed to assist defendant in the repair and maintenance of its building.. While making repairs, Eason fell from a ladder and scaffolding set up by defendant's agents and suffered fatal injury.

Plaintiff subsequently filed suit against defendant alleging that the ladder and scaffolding were inadequately structured and that defendant should have expected that Eason would not discover the dangerous condition. At the hearing regarding defendant's motion for summary disposition, plain-

tiff more specifically argued that the ladder was missing a safety latch. Relying on *Muscat v Khalil,* 150 Mich App 114; 388 NW2d 267 (1986), the trial court found the danger to be open and obvious. Accordingly, the court granted defendant's motion for summary disposition under MCR 2.116(C)(8) on the basis that defendant was not under a duty to warn its invitees of open and obvious dangers.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Feister v Bosack,* 198 Mich App 19, 21; 497 NW2d 522 (1993). This Court reviews a trial court's decision under MCR 2.116(C)(8) de novo and determines "if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." *Duran v Detroit News, Inc,* 200 Mich App 622, 628; 504 NW2d 715 (1993). All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Feister, supra* at 21-22. However, mere conclusions, unsupported by allegations of fact, will not suffice to state a cause of action. *Roberts v Pinkins,* 171 Mich App 648, 651; 430 NW2d 808 (1988). In a negligence action, summary disposition is proper under MCR 2.116(C)(8) if it is determined as a matter of law that the defendant owed no duty to the plaintiff under the alleged facts. *Schneider v Nectarine Ballroom, Inc (On Remand),* 204 Mich App 1, 4; 514 NW2d 486 (1994).

The parties agree that Eason was an invitee on defendant's property. An invitee is a person who enters the land of another on an invitation that carries with it an implication that reasonable care has been used to prepare the premises and make them safe. *Wymer v Holmes,* 429 Mich 66, 71, n 1; 412 NW2d 213 (1987). An invitor must warn of hidden defects; there is no duty to warn of open

and obvious dangers unless the invitor anticipates harm to the invitee despite the invitee's knowledge of the defect. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 91-95; 485 NW2d 676 (1992). Whether a danger is open and obvious depends upon whether it is reasonable to expect an average user with ordinary intelligence to discover the danger upon casual inspection. *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 474-475; 499 NW2d 379 (1993). The care required extends to instrumentalities on the premises that the invitee uses at the invitation of the premises owner. *Muylaert v Erickson,* 16 Mich App 167, 168; 167 NW2d 823 (1969).

In *Muscat, supra,* a negligent entrustment case, this Court held:

> An extension ladder is an essentially uncompli-cated instrument which gains a propensity for danger only because it will allow the user to reach great heights. This danger is most obvious to all but children of tender years whose intellectual capacity does not permit them to reason to such conclusions. [*Id.* at 122.]

In *Muscat,* the plaintiff, a painter, was injured while painting the house of the defendant, a neighbor. During the course of his work, the plaintiff approached the defendant with a request for a taller ladder. The defendant told the plaintiff that a ladder was available at the family business. The plaintiff obtained the ladder from the business premises himself. Back at the defendant's house, the plaintiff climbed the ladder while his assistant held it at the bottom. At one point, the assistant left his position. When the plaintiff proceeded to climb the ladder, the base of the ladder slipped, at which point it began to "telescope" down, causing injury to the plaintiff. *Id.* at 117.

The *Muscat* Court concluded that the obviousness of the dangers posed by extension ladders precluded a suit for negligent entrustment. Defendant relies heavily on *Muscat* in arguing that summary disposition was proper. However, we believe that *Muscat* is distinguishable on three grounds.

First, *Muscat* addressed the dangers generally posed by an extension ladder. Here, plaintiff alleges a specific defect in the ladder, a missing or malfunctioning safety latch. The real inquiry is whether this defect must be deemed an open and obvious danger. We think not. The danger that an extension ladder might slip and telescope down because of inadequate bracing at its base, as happened in *Muscat,* is a danger readily apparent to persons of ordinary intelligence and experience. However, the fact that a safety latch is missing or malfunctioning creates a different, or at least an additional, danger that is not so obvious absent specific knowledge of the defect.

Second, the *Muscat* Court's comments concerning the dangers associated with extension ladders were made only in connection with the plaintiff's negligent entrustment argument. The theory of negligent entrustment imposes liability on one who supplies a chattel for the use of another whom the supplier knows or has reason to know is, because of youth, inexperience, or otherwise, likely to use it in a manner involving unreasonable risk of physical harm. *Id.* at 121, citing *Moning v Alfono,* 400 Mich 425, 443-444; 254 NW2d 759 (1977). Essentially, the *Muscat* Court deemed the plaintiff wise enough to take any necessary precautions himself, which would include a detailed inspection of the ladder. The ladder was never part of the defendant's home premises and, once entrusted to the plaintiff from the family

business, the ladder was under the sole control of the plaintiff. In contrast, this case involves principles of premises liability. Under plaintiff's theory of premises liability, control of the defective condition or device never changed hands.

Finally, *Muscat* was not a case in which summary disposition was sought under MCR 2.116(C)(8). Here, looking solely to the complaint, we believe that defendant was placed on sufficient notice that plaintiff would try to prove a latent defect in the ladder that defendant failed to identify and warn Eason about. See MCR 2.111(B). While plaintiff went beyond the four corners of the complaint to explain her specific theory of the missing or malfunctioning safety latch at the motion hearing, her comments merely showed that further factual development of the allegations in the complaint could establish a theory of recovery, which is a relevant inquiry in deciding a motion under MCR 2.116(C)(8). If, as defendant claims, plaintiff's safety latch theory is unsupported by the evidence, that is an issue more appropriately resolved pursuant to a motion under MCR 2.116(C)(10), which we prefer the trial court to address first.

The trial court erred in granting defendant's motion for summary disposition under MCR 2.116(C)(8).

Reversed.