SMITH v STOLBERG

Docket No. 202848. Submitted March 10, 1998, at Detroit. Decided August 18, 1998, at 9:05 A.M.

Robert D. Smith brought an action in the Oakland Circuit Court against Donald Stolberg and Goldpaugh and Associates, P.C., alleging negligence and assault and battery arising out of an altercation during which Stolberg, an attorney employed by Goldpaugh and Associates, pushed the plaintiff into a bench while in court. The trial court, Fred M. Mester, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals held:

1. The trial court properly dismissed the negligence claim. The plaintiff's allegations essentially alleged an intentional, offensive touching, for which the proper cause of action is the intentional tort of battery, not negligence.

2. The trial court abused its discretion in determining that the plaintiff's second amended complaint had not stated a claim of assault and battery. The plaintiff's complaint, even though it did not have an "assault and battery" caption or heading, nevertheless complied with MCR 2.111(B)(1) by stating factual allegations that reasonably informed the defendants that they were being called on to defend against a claim of wilful and harmful or offensive touching.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. TORTS — ASSAULT.

An assault is any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances that create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact.

2. TORTS — BATTERY.

Battery is the wilful and harmful or offensive touching of another person that results from an act intended to cause such contact.

3. PLEADING — COMPLAINTS — STATEMENTS OF FACT.

A complaint must contain factual allegations that reasonably inform the defendant of the nature of the claim against which the defend-

ant is being called on to defend; a caption or heading indicating the cause of action is not required (MCR 2.111[B][1]).

4. PLEADING — COMPLAINTS — STATEMENTS OF FACT — APPEAL.

A determination by a trial court with respect to whether a complaint complies with the requirement that it contain factual allegations that reasonably inform the defendant of the nature of the claim is reviewed on appeal for abuse of discretion (MCR 2.111[B][1]).

*Hilborn & Hilborn, P.C.* (by *George A. Hilborn* and *Craig E. Hilborn*), for the plaintiff.

*Lipson, Neilson, Jacobs & Cole, P.C.* (by *Joseph P. Garin*), for the defendants.

Before: YOUNG, JR., P.J., and KELLY and DOCTOROFF, JJ.

DOCTOROFF, J. Plaintiff appeals as of right the trial court orders denying his motion for reconsideration and granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm in part, reverse in part, and remand.

On September 6, 1994, plaintiff claims that defendant Stolberg pushed him into a bench during a court appearance at which Stolberg represented plaintiff's daughter-in-law in a child custody dispute. Stolberg claims that plaintiff spit on him, and he "instinctively" raised his hands to push plaintiff away in order to protect himself. On September 5, 1995, plaintiff filed a complaint alleging assault and battery and negligence. The complaint also named Stolberg's employer, Goldpaugh and Associates, P.C., as a defendant under a respondeat superior theory. On December 1, 1995, plaintiff filed a first amended complaint alleging a cause of action in negligence only. The trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(8) on the ground that

plaintiff had failed to state a claim upon which relief could be granted.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Eason v Coggins Memorial Christian Methodist Episcopal Church*, 210 Mich App 261, 263; 532 NW2d 882 (1995). This Court reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(8) to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Id.* All factual allegations supporting the claim, and any reasonable inference or conclusions that can be drawn from the facts, are accepted as true. *Id.* In a negligence action, summary disposition is proper if it is determined as a matter of law that the defendant owed no duty to the plaintiff under the alleged facts. *Id.*

A cause of action for negligence requires that the plaintiff demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached the duty, (3) the defendant's breach of the duty proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Richardson v Michigan Humane Society*, 221 Mich App 526, 528; 561 NW2d 873 (1997). Duty is an obligation to conform to a specific standard of care toward another as recognized under the law. *Halbrook v Honda Motor Co, Ltd*, 224 Mich App 437, 440-441; 569 NW2d 836 (1997).

While plaintiff couches his claim in terms of a breach of Stolberg's duty "not to engage in disruptive behavior, not to speak to opposing parties in a case in which Stolberg is engaged as counsel, and not to

touch or strike members of the opposite parties' family," plaintiff is essentially alleging an intentional, offensive touching. Therefore, plaintiff's proper cause of action is for the intentional tort of battery, and not negligence. *Sudul v Hamtramck*, 221 Mich App 455, 458, 477; 562 NW2d 478 (1997). Accordingly, the trial court properly granted summary disposition in favor of defendants with regard to plaintiff's negligence claim.

Plaintiff's second argument on appeal is that the trial court erred in denying his motion for reconsideration with respect to the court's interpretation of the meaning and scope of the pleadings on his assault and battery theory against defendant Stolberg pursuant to MCR 2.111(B)(1). We agree.

An appellate court's reversal of a trial court's decision concerning the meaning and scope of pleadings is appropriate only where the trial court abused its discretion. *Dacon v Transue*, 441 Mich 315, 328; 490 NW2d 369 (1992). MCR 2.111(B)(1) provides that a complaint must contain "[a] statement of facts . . . with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." The purpose of the rule is to "avoid two opposite, but equivalent, evils . . . the straightjacket of ancient forms of action . . . [and] ambiguous and uninformative pleading." *Dacon, supra* at 329. Extreme formalism leads to dismissal of "potentially meritorious claims" and extreme ambiguity "undermines a defendant's opportunity to present a defense." *Id.* Where the new theory fits within the "scope of the general factual allegations" previously pleaded in support of another claim, this Court has found that a complaint met the plead-

ing requirements set forth under MCR 2.111(B)(1). *Iron Co v Sundberg, Carolson & Associates, Inc*, 222 Mich App 120, 124; 564 NW2d 78 (1997).

An assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v Thomas*, 189 Mich App 110, 119; 472 NW2d 16 (1991). This Court defined battery as "the wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Id.* Plaintiff's second amended complaint asserts the following:

> 4. That on or about September 6, 1994, in the Circuit Court for the County of Lapeer, Honorable Martin E. Clements' courtroom, Defendant Stolberg, while in the scope of his employment for Goldpaugh and acting as an attorney for the firm, did negligently or intentionally touch or push Plaintiff into a bench, where he hit his back against the said bench which in turn launched him forward and caused him to land on the floor.

The allegation that Stolberg intentionally touched or pushed plaintiff was sufficient to reasonably inform defendants of plaintiff's claim of battery.

Defendants argue that the facts did not reasonably inform them of the cause of action for assault and battery so that they could defend on those grounds because the facts were not specifically referenced under separate and distinct counts. The court rules indicate otherwise. The only requirements for stating a cause of action is a presentation of factual allegations that would reasonably inform defendants of the

"nature of the claims" against which defendants are called on to defend. MCR 2.111(B)(1). Plaintiff complied. Defendants' argument that the lack of a title heading alone provides a basis for denying a claim is an "evil" that the Michigan Supreme Court sought to avoid: extreme formalism leading to the dismissal of a "potentially meritorious claim." *Dacon, supra* at 329.

Because we find that the trial court abused its discretion in holding that plaintiff's second amended complaint did not state a claim of assault and battery, we need not address plaintiff's argument that the trial court erred in refusing to allow plaintiff to amend his complaint.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.