*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYRA STEWART,

　　　　　　Plaintiff-Appellant,

v

BAPASHREE, INC.,

　　　　　　Defendant-Appellee.

UNPUBLISHED
May 26, 2022

No. 357541
Oakland Circuit Court
LC No. 2019-178697-NO

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff, Myra Stewart, entered a convenience store on New Year's Eve. She slipped and fell on a piece of wet cardboard that protruded from under a floor mat just inside the store. Stewart was injured as a result of the fall and sued the store's owner, defendant Bapashree, Inc. The trial court granted summary disposition to Bapashree, concluding that the cardboard was an open-and-obvious danger. We affirm in part and reverse in part.

When Stewart went to the store, it was not snowing, but the outdoor temperature was cold and the ground was wet. As she approached the entrance, Stewart noticed that the bottom half of the doors were covered in advertisements, blocking her view of the floor. Stewart entered the store, "immediately slipped on wet cardboard that was on the floor," and fell. The cardboard was partially beneath a mat on the floor; it extended about two feet from the mat and ended about ten inches from the entrance. Stewart injured her knees, hands, and left shoulder in the fall. She sued Bapashree for negligence, and Bapashree eventually moved for summary disposition, arguing that the cardboard was an open-and-obvious danger that Stewart should have seen and avoided. The trial court agreed and granted summary disposition to Bapashree under MCR 2.116(C)(8) and (10). This appeal followed.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (citation omitted). In contrast, we review a motion brought under MCR

-1-

2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Thus, to the extent we review the factual record on appeal, we must do so in the light most favorable to Stewart.

Stewart first argues that her negligence claim sounds in ordinary negligence, rather than premises liability. But Stewart's claim is based on the cardboard on the floor of Bapashree's store. That cardboard was a condition of the premises and, therefore, Stewart's claim sounds in premises liability rather than ordinary negligence. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012).

With regard to premises liability, Stewart argues that the cardboard was not an open-and-obvious danger that would foreclose a theory of liability based on premises liability. The open-and-obvious-danger doctrine is an exception to the general rule that a premises possessor owes a duty to individuals visiting the premises. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). To determine whether a danger is open and obvious, the test is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

A reasonable person would have considered the wintery conditions outside and whether she could slip on anything when entering the store. See *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1997). In her deposition, Stewart admitted that she could have seen the cardboard if she took the time to look down when entering the store. Accordingly, the cardboard itself was an open-and-obvious condition.

But the risk posed by the cardboard arguably was not. Stewart fell when she stepped on the cardboard, not because the floor itself was slippery. Bapashree placed the cardboard near the doorway in an attempt to prevent customers from slipping and falling. Stewart used the cardboard as intended by stepping on it, but the cardboard apparently soaked up so much water that it became slippery. Stewart's testimony does not state that the cardboard appeared especially wet or that anything otherwise suggested it would be slippery; and her interrogatory statement that she slipped on wet cardboard does not state the cardboard appeared wet upon casual inspection, only that it actually was wet. Indeed, the cardboard was supposed to be a safe haven from danger, not a danger itself. Thus, viewing the evidence in the light most favorable to Stewart, an average person of ordinary intelligence would not have noticed on casual inspection that the cardboard itself created a risk of injury. Accordingly, the trial court erred by granting summary disposition to Bapashree.

For these reasons, we affirm the trial court's order granting summary disposition to Bapashree with respect to Stewart's negligence claim based on ordinary negligence. We reverse the trial court's order granting summary disposition to Bapashree on Stewart's negligence claim based on premises liability. We remand for further proceedings consistent with this opinion; we do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Sima G. Patel