*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN HERRERA,

        Plaintiff-Appellant,

v

SUN TROY VILLA, LLC,

        Defendant-Appellee.

UNPUBLISHED
October 19, 2023

No. 361852
Oakland Circuit Court
LC No. 2021-191601-NO

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

This case arises from injuries plaintiff suffered as a result of tripping on a raised concrete slab that was part of a sidewalk on premises owned by defendant. At the time of her fall, plaintiff resided on a leased lot in Sun Troy Villa, a manufactured-home community located in Troy that defendant owns and operates. On February 19, 2021, around 4:30 p.m., plaintiff was walking on the sidewalk outside her home on Sun Troy Villa's premises when she tripped and fell on uneven pavement, fracturing her knee and arm.

Photographs plaintiff submitted show a sidewalk in the Sun Troy Villa community located between a roadway and the manufactured homes running parallel to, and along the distance of, the roadway. The sidewalk appears in poor condition, with cracks and gaps typical of worn pavement. The photographs of the sidewalk section where plaintiff allegedly tripped and fell, which was near her residence, depict a large height differential between two adjacent concrete slabs spanning the width of the sidewalk, and large cracks on the elevated slab.

In her complaint, plaintiff alleged that defendant breached its duties to her by failing to maintain the sidewalk in a safe condition, to inspect the premises, to provide warning, and to otherwise exercise reasonable care to protect her from the dangerous condition. Additionally, plaintiff alleged that defendant breached its implied contractual duties under MCL 554.139(1) by

-1-

failing to keep the premises "fit for its intended use and in proper repair" and by "violating safety codes, including local statutes and ordinances."

In her answers to interrogatories, plaintiff stated that, at the time of her accident, she "was watching where [she] was stepping," and "tripped and fell because of the defect in the sidewalk." She also admitted that she had walked over the same sidewalk approximately a dozen times before, and "was aware of the condition of the sidewalk at the time of the incident," but "never realized how large the gap was between the two flags of pavement." Plaintiff also stated that her neighbor had previously complained about the sidewalk's condition to defendant's office "at least a couple of times because of a couple incidents of others tripping on the same sidewalk," and that she was aware that her elderly neighbor, and two family members of neighbors, had tripped on the same sidewalk.

After only limited discovery, defendant moved for summary disposition under MCR 2.116(C)(8) and (10), asserting that further discovery stood no chance of creating an issue of fact regarding its liability for plaintiff's fall, and that her complaint should be dismissed in its entirety. Defendant argued that plaintiff's common-law premises-liability claim must fail because there was no question of fact that the discontinuity with a large height differential between the concrete slabs was readily observable upon casual inspection and, thus, the sidewalk's hazardous condition was open and obvious. Defendant also argued that plaintiff had no viable claim under MCL 554.139(1)(b) for breach of its duty to "keep the premises in reasonable repair" because that duty did not apply to common areas, such as the sidewalk where plaintiff allegedly tripped and fell, warranting summary disposition for failure to state a claim. With regard to its duty under MCL 554.139(1)(a) to see that "all common areas are fit for the use intended by the parties," defendant argued that there was no breach because it was undisputed that the sidewalk, despite its unevenness, was still fit for its intended purpose, as evidenced by the photographs indicating that the hazard was easily traversable; a pedestrian using the sidewalk could simply step over the height differential, as plaintiff admitted having done numerous times. Defendant did not address any claim alleging that it breached its duty by violating local safety ordinances.

In opposing defendant's motion, plaintiff focused on her statutory claim. She argued that defendant had breached its duty under MCL 554.139(1)(a) because the defective condition at issue rendered the sidewalk unsafe for walking. To support her claim, plaintiff presented an affidavit from an engineer, who described the subject sidewalk as "deteriorated, cracked," with "adjacent sections" having "a difference in height of over two-inches." He opined that the sidewalk's condition was a "known trip and fall hazard," "hazardous and unsafe to pedestrians using the sidewalk," and in violation of pertinent municipal ordinances. Plaintiff argued that, on the basis of the available evidence, whether defendant violated its statutory obligations presented an issue of fact. Plaintiff further complained, however, that defendant's motion was premature because it was brought before any witnesses had been deposed.

After a hearing on defendant's motion, the trial court summarily dismissed plaintiff's complaint, holding that (1) the condition of the sidewalk was open and obvious and (2) defendant "did not violate a duty" under MCL 554.139(1)(a) because defendant was not required to maintain its sidewalks in "perfect" condition. This appeal followed.

## II.  STANDARDS OF REVIEW

"A trial court's decision to grant a motion for summary disposition is reviewed de novo." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint; we accept all well-pleaded factual allegations as true and construe them in a light most favorable to the nonmovant.  A motion for summary disposition under MCR 2.116(C)(8) is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim.  When reviewing an order granting summary disposition under MCR 2.116(C)(10), the reviewing court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party.  Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 623-624; 971 NW2d 716 (2021) (quotation marks and citations omitted).]

## III.  PREMISES-LIABILITY CLAIM

Plaintiff first argues that the trial court erred in dismissing her premises-liability claim.  We agree only because there has been an intervening change in this state's jurisprudence concerning this issue, and accordingly remand the issue to the trial court.

In dismissing plaintiff's premises-liability claim, the trial court concluded that it was required to do so because the defect alleged in this case was open and obvious.  In so doing, the trial court applied the then-correct analysis applicable to premises-liability claims first announced in *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162907).  *Lugo* held in relevant part that a possessor of land does not owe a duty to protect invitees from open and obvious defects.  *Lugo*, 464 Mich at 516.  In *Kandil-Elsayed*, our Supreme Court overruled *Lugo* and held that "the open and obvious nature of a danger" is only "relevant to the defendant's breach and the plaintiff's comparative fault."  *Kandil-Elsayed* ___ Mich at ___; slip op at 39-40.  *Kandil-Elsayed* further clarified that "the three traditional status-based categories" for determining the duty a possessor of land owes to a person on the land—licensee, invitee, and trespasser—remained unchanged.  *Id*. at ___; slip op at 39.

In light of *Kandil-Elsayed*, there is little for this Court to decide.  The trial court here found that the danger posed by the defect in defendant's sidewalk was open and obvious and accordingly dismissed plaintiff's claim because, under *Lugo*, defendant did not owe plaintiff a duty to protect against open and obvious defects.  As explained, *Kandil-Elsayed* overruled the relevant portion of *Lugo* and shifted consideration of the open-and-obvious nature of a danger "from duty to

breach . . . ." *Id*. at ___; slip op at 40. As the law now stands, defendant unquestionably owed plaintiff—a person on defendant's land—a duty, and the contours of that duty depended only on plaintiff's status on the land. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000); *Kandil-Elsayed* ___ Mich at ___; slip op at 39. Accordingly, the trial court erred to the extent it concluded that defendant did not owe plaintiff a duty and, on that basis, dismissed plaintiff's premises-liability claim. That portion of the court's ruling is reversed, and the matter is remanded for further proceedings.

## IV. MCL 554.139(1)

Plaintiff next argues that the trial court erred in summarily dismissing her claims of breach of statutory duties under MCL 554.139(1)(a) and (b). We agree in part.

"In addition to the general common-law duties that a possessor of land owes to invitees, MCL 554.139 imposes further covenants and duties on landlords who lease or license their property to residential tenants." *Jeffrey-Mois*, 336 Mich App at 636. MCL 554.139 provides, in relevant part, as follows:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

"The statutory protection of MCL 554.139(1) 'arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease.' " *Jeffrey-Mois*, 336 Mich App at 636, quoting *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

### A. MCL 554.139(1)(a)

Plaintiff argues that the trial court erred in granting summary disposition of her statutory claim under MCL 554.139(1)(a) because reasonable minds could differ regarding whether the sidewalk was fit for pedestrian travel. We disagree.

Under MCL 554.139(1)(a), a lessor covenants that "all common areas are fit for the use intended by the parties." As explained by this Court in *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 289; 933 NW2d 732 (2019):

> In *Allison*, 481 Mich at 427-431, our Supreme Court addressed the analytical framework to be used when determining liability under MCL 554.139(1)(a). First, the court is to determine whether the area in question is a "common area." Then, the court is to identify the intended use of the common area.

Lastly, the court must determine if there could be "reasonable differences of opinion regarding" whether the conditions made the common area unfit for its intended use.

Unless the evidence shows that "there could be no reasonable differences of opinion" regarding the fitness of a common area for the use intended by the parties, the question is for the trier of fact. *Allison*, 481 Mich at 430.

Here, the parties do not dispute that the subject sidewalk, which traversed along a roadway in defendant's manufactured-home community where plaintiff resided, was a common area within the meaning of MCL 554.139(1)(a). And it cannot seriously be disputed that the intended use of the sidewalk was walking on it. See *Trueblood Estate*, 327 Mich App at 290; *Benton v Dart Properties, Inc*, 270 Mich App 437, 444; 715 NW2d 335 (2006).

The remaining, and dispositive, question in determining whether defendant could be liable under MCL 554.139(1)(a) is whether the defect at issue made the sidewalk unfit for walking on it. As explained by our Supreme Court, "The statute does not require a lessor to maintain a [common area] in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for" its intended use. *Allison*, 481 Mich at 430. While "[k]eeping common areas fit for their intended use may well require a lessor to perform maintenance and repairs to those areas," *id.* at 433, "[t]he statute does not require any level of fitness beyond what is necessary to allow tenants to use the [common area] as the parties intended," *id*. at 431. With this understanding of MCL 554.139(1)(a), we conclude that there is no question of fact that the sidewalk at issue in this case was fit for its intended use.

Plaintiff established, and it is not disputed, that the subject sidewalk was not in ideal condition. Aside from the photographs depicting a more than two-inch height differential between adjacent concrete slabs, plaintiff stated that, in addition to her own accident, other individuals had tripped on the same sidewalk within the last two years. Plaintiff's expert opined that the height differential was a known trip-and-fall hazard, and that the subject sidewalk's condition was "hazardous and unsafe to pedestrians using the sidewalk."

However, establishing a breach of duty under MCL 554.139(1)(a) requires evidence of more than the presence of a hazardous condition and someone falling. See *Trueblood*, 327 Mich App at 291-292 (explaining that "a plaintiff must present more evidence than simply the presence of ice or snow and someone falling" to establish that a common area was not fit for its intended use). Plaintiff must show that the sidewalk was unsuitable for its intended purpose. The appropriate focus, therefore, is on the accessibility of the sidewalk for pedestrian travel.

The height differential between the adjacent concrete slabs at issue exceeds two inches and extends the sidewalk's entire width, thereby forcing tenants using the sidewalk to confront the hazardous condition. However, users need not walk on the discontinuity itself because the hazard was plainly visible and easily avoidable, and thus a pedestrian could simply step over the uneven slabs and continue walking. Indeed, plaintiff repeatedly negotiated the hazard in the past, as evidenced by her admission that she had "walked over the same sidewalk on approximately a dozen occasions" before her accident, which shows that the discontinuity did not preclude her from

using the sidewalk but rather presented a mere inconvenience of access. Accord *Allison*, 481 Mich at 430 (in the context of a snow-covered parking lot, explaining that "[m]ere inconvenience of access . . . will not defeat the characterization of a lot as being fit for its intended purposes"). Because the uneven sidewalk was still traversable despite the complained-of condition, it was akin to the patches of ice on the sidewalk in *Jeffrey-Moise*, 336 Mich App at 637-638, which presented, at most, a mere inconvenience that did not render the sidewalk unfit for walking. Compare *Trueblood*, 327 Mich App at 292 (explaining that a sidewalk "*completely* covered in ice" is not fit for its intended use because if anyone "walked on the sidewalk, he [or she] was inevitably going to confront the ice"); *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 132; 782 NW2d 800 (2010) (holding that there was a question of fact whether "a hidden danger"—"black ice on a darkly lit, unsalted stairway"—"rendered the stairway unfit for its intended use"). Thus, the evidence presented failed to establish that the sidewalk's defective condition rendered it unfit for its intended purpose within the meaning of MCL 554.139(1)(a).[1] Accordingly, we hold that the trial court did not err in granting summary disposition to defendant on plaintiff's claim that defendant breached its statutory duty under MCL 554.139(1)(a) to keep the common areas fit for the use intended by the parties.

## B. MCL 554.139(1)(b)

Plaintiff next argues that the trial court prematurely dismissed her claim that defendant breached its implied covenant to comply with local safety laws pursuant to MCL 554.139(1)(b). We agree.

MCL 554.139(1)(b) provides that every lessor covenants "[t]o keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located . . . ." There is no question that defendant did not have a statutory duty under § (1)(b) to keep its sidewalk in reasonable repair because that duty does not apply to common areas, including sidewalks. *Allison*, 481 Mich at 432-435. Plaintiff does not argue otherwise. Instead, plaintiff argues that defendant breached the second covenant under MCL 554.139(1)(b) by failing to

---

[1] Plaintiff points out that, under MCL 691.1402a(3)(a), which governs actions against municipalities involving defective public sidewalks, a vertical discontinuity of two or more inches rebuts the presumption that the municipality has "maintained the sidewalk in reasonable repair." Plaintiff argues that this requirement "reflects the common understanding that small differentials are acceptable, while a differential exceeding two inches is not," to show that reasonable jurors could conclude that the discontinuity of more than two inches in this case rendered it unfit for walking. We find plaintiff's reliance on MCL 691.1402a(3)(a) inapt. Besides containing no similar presumption, MCL 554.139(1)(a) focuses on whether the sidewalk's defective condition rendered it unfit for its intended use. MCL 554.139(1)(b), on the other hand, concerns a landlord's duty "[t]o keep the premises in reasonable repair," which is more akin MCL 691.1402a. But our Supreme Court held in *Allison* that the reasonable-repair covenant in MCL 554.139(1)(b) does not apply to common areas like sidewalks. *Allison*, 481 Mich at 432-435.

comply with pertinent provisions of the city of Troy's ordinances governing sidewalk maintenance.

Defendant argues that plaintiff failed to raise this issue before the trial court and so it is not preserved for appellate review. As this Court has explained:

> Michigan generally follows the "raise or waive rule" of appellate review. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. [*Soaring Pine Capital Real Estate and Debt Fund II, LLC v Park Street Group Realty Servs, LLC*, 337 Mich App 529, 539-540; 976 NW2d 674 (2021), rev'd in part on other grounds, vacated in part on other grounds, ___ Mich ___ (2023) (Docket No. 163320) (quotation marks and citation omitted).]

" 'This Court will not review a case on a theory different from that on which it was tried.' " *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 117; 662 NW2d 387 (2003), quoting *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 110; 593 NW2d 595 (1999). Thus, if an issue was not raised in the pleadings, or argued below, appellate review is forfeited. See *Soaring Pine*, 337 Mich App at 539-540.

Plaintiff's complaint alleged that defendant "failed to keep the premises and all common areas therein fit for its intended use and in proper repair pursuant to MCLA 554.139(a)(b) [sic]," thereby directly implicating the first covenant under MCL 554.139(1)(b) (to keep the premises in reasonable repair). With respect to the second covenant under MCL 554.139(1)(b)—obligating a lessor to comply with applicable local safety and health laws—plaintiff did not set forth a specific count asserting that claim. However, she did generally allege that defendant breached its duties to plaintiff by "violating safety codes, including local statutes and ordinances." Although plaintiff did not specifically reference defendant's statutory duty under MCL 554.239(1)(b), the allegation would nonetheless have reasonably informed defendant of the need to defend the claim that it breached its duty under MCL 554.139(1)(b) to comply with local safety ordinances in regard to its sidewalk. See MCR 2.111(B)(1) (a complaint need only contain "specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend"); *Smith v Stolberg*, 231 Mich App 256, 259-260; 586 NW2d 103 (1998). It is "well established that the gravamen of an action is determined by reading the claim as a whole and looking beyond the procedural labels to determine the exact nature of the claim." *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005) (quotation marks, citation, and

alteration omitted). Accordingly, plaintiff adequately raised a claim pertaining to local ordinances under MCL 554.139(b) in her pleadings.[2]

Plaintiff further raised the issue of defendant's violation of local ordinances and MCL 554.139 during discovery. She stated in her responses to interrogatories that "Defendant violated MCL 554.139 (a)(b) [sic]," but that she "had not yet retained an expert to investigate what other code or ordinances Defendant may have violated." Further, in response to defendant's motion for summary disposition, plaintiff again raised the issue of defendant's noncompliance with local safety laws, particularly the Troy City Code, and, notably, presented an affidavit from an expert who opined that the sidewalk's condition violated two specific code provisions. However, plaintiff did not argue that defendant's noncompliance with the code constituted a breach of defendant's statutory duty under MCL 554.139(1)(b) while defending defendant's motion, but rather cited such noncompliance as support for her position that the sidewalk was not fit for its intended use under MCL 554.139(1)(a). But that failure is somewhat understandable because defendant did not move for summary disposition of any claim that it failed to comply with local safety ordinances in violation of MCL 554.139(1)(b); rather, it moved for summary disposition on (1) plaintiff's common-law premises-liability claim, (2) her claim that defendant breached the covenant in MCL 554.139(1)(a), and (3) her claim that defendant breached the reasonable-repair covenant in MCL 554.139(1)(b).

Regardless, we conclude that plaintiff adequately raised the issue whether defendant violated applicable local safety laws before the trial court. Although plaintiff did not further develop her argument that defendant's failure to comply with local safety laws breached its statutory duty under MCL 554.139(1)(b) in response to defendant's motion, she at least implied such a claim throughout her pleadings by asserting that defendant violated such laws. And, again, defendant did not move to dismiss any claim on that ground.

Despite concluding that defendant sufficiently pleaded a claim under MCL 554.139(1)(b) that defendant breached its implied covenant to comply with local safety ordinances, we decline to address whether that claim survives summary disposition because the trial court failed to do so in the first instance. We therefore remand the issue to the trial court in order to allow it the opportunity to address the issue through the proper course, including developing any relevant additional facts or arguments.

---

[2] To the extent the parties may dispute whether plaintiff sufficiently pleaded that defendant breached its duty under MCL 554.139(1)(b) to comply with applicable local safety ordinances, plaintiff presented factual support for that claim. As this Court has explained, "If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 209; 920 NW2d 148 (2018) (quotation marks and citation omitted). See also MCR 2.116(I)(5).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien