*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT BURNETT,

    Plaintiff-Appellant,

v

WAYNE COUNTY and WAYNE COUNTY
TREASURER,

    Defendants-Appellees.

UNPUBLISHED
March 19, 2025
9:20 AM

No. 370321
Wayne Circuit Court
LC No. 23-011938-CZ

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff owned property that was foreclosed upon in March 2022 as a result of delinquent property taxes, interest, penalties, and fees. Plaintiff failed to redeem the property through the procedures outlines in the General Property Tax Act (GPTA), MCL 211.1 *et seq.* Plaintiff sued defendants, and the trial court granted defendants' motion for summary disposition. We affirm.

The underlying facts in this case are not in dispute. Plaintiff owned property that was foreclosed upon in March 2022. In October 2022, defendants sold the property at auction to a third party. Plaintiff did not follow the procedure in MCL 211.78t for claiming proceeds from the sale of foreclosed property, and, instead, sued defendants in September 2023 for the proceeds.

Defendants moved for summary disposition under MCR 2.116(C)(4), (7), and (8). At a hearing on the motion, plaintiff's attorney stated that if our Supreme Court affirmed or denied leave to appeal this Court's decision in *In re Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363764) (*Muskegon*), plaintiff would withdraw his claim, but that he would "have a case" if the Court reversed *Muskegon*. The trial court relied on *Muskegon* to grant defendants' motion because plaintiff did not avail himself of the sole mechanism, under MCL 211.78t, for obtaining the sale proceeds.

Plaintiff now appeals.

We review de novo a trial court's decision on a motion for summary disposition. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). "A motion for summary

-1-

disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). When considering a motion under MCR 2.116(C)(8), a court accepts as true the factual allegations in the complaint. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). A trial court must grant a motion under MCR 2.116(C)(8) when no factual development could justify a plaintiff's claim. *Id.*

"[A] former property owner has a constitutional right to the monetary proceeds, if any, that exist after a foreclosure sale and satisfaction of tax debt and related costs." *Muskegon*, ___ Mich App at ___; slip op at 12. MCL 211.78t provides "the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state." MCL 211.78t(11). See *Muskegon*, ___ Mich App at ___; slip op at 5. Under MCL 211.78t(2), "a claimant seeking remaining proceeds for the property must notify the foreclosing governmental unity using a form prescribed by the department of treasury" by the first July 1 following the foreclosure. This form must be notarized and personally served on the foreclosing governmental unit or sent by certified mail. MCL 211.78t(2). "A property owner who satisfies these requirements becomes a 'claimant.'" *Muskegon*, ___ Mich App at ___; slip op at 2.

Plaintiff relies on his belief that our Supreme Court would reverse this Court's decision in *Muskegon*, ___ Mich App at ___; slip op at 1-2, in which this Court held that the respondents failed to avail themselves of the procedure under MCL 211.78t, and, therefore, forfeited their right to proceeds. Our Supreme Court has since denied leave to appeal. *In re Muskegon Co Treasurer for Foreclosure*, 11 NW3d 474 (2024). Accordingly, we are bound by *Muskegon*. See MCR 7.215(C)(2) and (J)(1). Plaintiff argues that the statute denied plaintiff due process, and he asks that this Court hold that MCL 211.78t "is unconstitutional for the reasons stated in the appellants' argument in *Muskegon County*." Beyond asserting that MCL 211.78t constitutes a taking, however, plaintiff does not specify any alleged errors in the reasoning underlying the *Muskegon* Court's conclusions, does not cite any authority contradicting the *Muskegon* Court's conclusions, and does not attempt to distinguish the present case from *Muskegon*.

Plaintiff does not claim, either below or on appeal, that he filed the required paperwork. Accordingly, plaintiff failed to enforce his right to any surplus proceeds from the foreclosure sale, and the trial court did not err by granting summary disposition in favor of defendants.

Affirmed.

/s/ Adrienne N. Young
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle