*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL TUROWSKI,

      Plaintiff-Appellant,

v

NEWAYGO COUNTY GOVERNMENT,

      Defendant-Appellee.

UNPUBLISHED
July 16, 2025
11:11 AM

No. 370131
Newaygo Circuit Court
LC No. 2023-020960-CZ

Before: PATEL, P.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued Newaygo County related to his requests for information under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. The trial court granted defendant's motion for summary disposition. We affirm.

In October 2023, plaintiff sued various Newaygo County defendants.[1] In his complaint, plaintiff cited various statutes, but he did not clearly establish any claims. For example, plaintiff referred to requesting public information and noted that an "action to compel FOIA from appeal denials isn't unreasonable," but he did not elaborate on how the cited laws applied, nor what denials he was contesting. Plaintiff referred to equitable relief, but it is unclear what specific relief he sought. Plaintiff attached what appears to be two requests for information from 2021 and 2023 to the complaint, but plaintiff did not attach any denials or connect the attachments to the statements in his complaint.

Defendant moved the trial court to dismiss plaintiff's complaint under MCR 2.116(C)(8), arguing that the complaint was "incomprehensible" and that defendant could not discern the factual basis of plaintiff's complaint. Plaintiff did not respond to defendant's motion.

---

[1] Newaygo County was the only defendant that participated in the lower court and is the only named appellee.

During a hearing on the motion, defendant argued that plaintiff's complaint contained no viable claim and that it was "pretty difficult to decipher." In response, plaintiff stated that his claim was "written in [his] complaint" and noted that his complaint "talks about equity." Plaintiff argued that this claim arose from the FOIA Act. The trial court stated that plaintiff's complaint did not explain what information plaintiff had requested or when plaintiff had been denied information. Plaintiff's daughter clarified that plaintiff was seeking information regarding his real property and that his FOIA requests to defendant had been denied or left unanswered. The trial court explained to plaintiff and his daughter that plaintiff needed to submit a "clearly labeled" FOIA request. The trial court granted defendant's motion for summary disposition.

Plaintiff now appeals. On appeal, plaintiff submitted documentation that he did not submit to the trial court.

We review de novo a trial court's decision regarding a motion for summary disposition. *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). "All factual allegations supporting the claim, and any reasonable inference or conclusions that can be drawn from the facts, are accepted as true." *Id*. We review de novo whether a trial court properly interpreted and applied FOIA. *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015).

A person may request a public record from "the FOIA coordinator of a public body." MCL 15.235(1). If a public body denies a FOIA request, the requesting person may sue in circuit court to compel disclosure. MCL 15.240(1)(b); *Truel v Dearborn*, 291 Mich App 125, 130; 804 NW2d 744 (2010).

There are several critical problems with plaintiff's appeal. First, the attachments that plaintiff presents on appeal that were not attached to, or even referenced in, his complaint, and were never filed with, or considered by, the trial court, are not properly before this Court. "[T]his Court's review is limited to the record presented in the trial court." *Amorello v Monsanto Corp*, 186 Mich App 324, 330; 463 NW2d 487 (1990). Therefore, we will not consider the improperly submitted documents.

Second, the trial court did not err by determining that plaintiff failed to state clearly his claims or requested relief. "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). Plaintiff requests that this Court "interpret FOIA Law as cited on brief and complaint," alleging that his requests for information were ignored or denied. In the lower court, however, plaintiff did not identify or present any specific FOIA denials, appeals, or related correspondence from defendant, nor did plaintiff clearly identify what information or equitable relief he sought.

Lastly, on appeal, an appellant may not "simply [] announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Plaintiff lists eight questions presented in his brief on appeal, which generally relate to FOIA and the trial court's decision. Plaintiff does not, however, provide a comprehensible

argument or explanation as to how the authorities that he cites support his claims and requested relief. Accordingly, when plaintiff failed to state or support his claim, the trial court did not err when it granted summary disposition in defendant's favor.

Affirmed.

/s/ Sima G. Patel
/s/ Michael J. Riordan
/s/ Brock A. Swartzle